IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| OTONIEL VASQUEZ ROMERO, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | |
| | ) | Case No. 3:25-cv-524 |
| KRISTI NOEM, *SECRETARY, U.S.* | ) | Judge Stephanie L. Haines |
| *DEPARTMENT OF HOMELAND* | ) | |
| *SECURITY, et al.,* | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM ORDER

Pending before the Court is the Motion for a Temporary Restraining Order ("T.R.O.") or Preliminary Injunction ("P.I."), ECF No. 2, filed by Petitioner Otoniel Vasquez Romero ("Petitioner"). Therein, Petitioner requests that this Court enter an Order: declaring that 8 U.S.C. § 1226(a), rather than 8 U.S.C. § 1225(b)(2)(A), governs Petitioner's detention, and, in turn, directing Respondents to immediately release Petitioner from custody or afford him a bond hearing under § 1226(a). ECF No. 2, p. 1.

For the following reasons, the Court will DENY Petitioner's Motion insofar as it requests a T.R.O. but will consider Petitioner's Motion in so much as it requests a P.I.

### I.    Legal Standard

Pursuant to Federal Rule of Civil Procedure 65:

The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:

(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65(b)(1). In order to obtain a T.R.O. or a P.I., a petitioner must show that: (1) he is likely to succeed on the merits, (2) denial will result in irreparable harm to the petitioner, (3) granting the injunction will not result in irreparable harm to the respondent(s), and (4) granting the injunction is in the public interest. *Maldonado v. Houston*, 157 F.3d 179, 184 (3d Cir. 1998); *Bieros v. Nicola*, 857 F. Supp. 445, 446 (E.D. Pa. 1994) ("The standards for a temporary restraining order are the same as those for a preliminary injunction."); *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017). The first two factors—likelihood of success on the merits and irreparable harm—"operate both as essential elements and as factors that guide the exercise of equitable discretion. They are elements because the failure of the moving party to make *either* of those threshold showings is fatal to the issuance of a preliminary injunction." *Transcontinental Gas Pipe Line Co., LLC v. Pennsylvania Environmental Hearing Board*, 108 F.4th 144, 150 (3d Cir. 2024) (emphasis added).

A T.R.O. and a P.I. may be distinguished by the type of relief each afford and the procedural mechanisms by which each may be obtained under Federal Rule of Civil Procedure 65.[1] *See Granny Goose Foods Inc. v. Brotherhood of Teamsters*, 415 U.S. 429, 439 (1974) ("[U]nder federal law [T.R.O.s] should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer."); *Hope I* , 956 F.3d at 160 (finding that where the district court purported to enter an *ex parte* T.R.O. but directed the release of twenty petitioners, the "relief altered the status quo, exceeding the temporary and limited nature of a [T.R.O.]"); *Snee v. Barone*, 359

---

[1] The Third Circuit has made clear that "a court may not convert an *ex parte* [temporary restraining order] into a preliminary injunction without a hearing or issue an *ex parte* preliminary injunction." *Hope v. Warden York County Prison*, 972 F.3d 310, 321 (3d Cir. 2020) [*Hope II*]. A Court does so when it issues a T.R.O. that "goes beyond preservation of the status quo and mandates affirmative relief." *Hope v. Warden York County Prison*, 956 F.3d 156, 160 (3d Cir. 2020) [*Hope I*].

F.App'x. 281, 284 n.4 (3d Cir. 2009) ("[T]emporary restraining orders are of extremely short duration and typically issue without notice to the opposing party."); *J.O. ex rel. C.O. v. Orange Twp. Bd. Of Educ.*, 287 F.3d 267. 273 (3d Cir. 2002)). Because "our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted [to] both sides of a dispute[,]" *Granny Goose Foods Inc. v. Brotherhood of Teamsters*, 415 U.S. 429, 439 (1974), T.R.O.s "may be appropriate at times, [but] they must be circumscribed in nature." *Hope I*, 956 F.3d at 160.

## II.    Analysis

Petitioner requests that this Court enter an Order: declaring that 8 U.S.C. § 1226(a), rather than 8 U.S.C. § 1225(b)(2)(A), governs Petitioner's detention, and, relatedly, directing Respondents to immediately release Petitioner from custody or afford him a bond hearing under § 1226(a). ECF No. 2, p. 1. In this way, Petitioner requests relief that goes beyond the "limited nature of a [T.R.O.]" and instead requests "mandatory, affirmative relief[.]"*Hope I*, 956 F.3d at 162 (finding that where the district court purported to enter an *ex parte* T.R.O. but directed the release of twenty petitioners, the "relief altered the status quo, exceeding the temporary and limited nature of a [T.R.O.]") (citing *Granny Goose*, 415 U.S. at 439).

Thus, this Court will DENY Petitioner's Motion in so much as it requests relief via a T.R.O. as a T.R.O. is not the appropriate vehicle for such relief. However, the Court will consider Petitioner's claims in so much as he seeks a P.I. In order to more fully develop the record, the Court will set a briefing schedule in an accompanying Order.

An appropriate Order follows:

3

## ORDER

AND NOW, this 16th day of December 2025, IT IS HEREBY ORDERED that counsel for Petitioner shall serve upon Respondents the Motion at ECF No. 2 and the Brief in Support filed at ECF No. 3.

IT IS FURTHER ORDERED that for the reasons set forth in the foregoing Memorandum Order, Petitioner's Motion at ECF No. 2 is DENIED insofar as he requests a Temporary Restraining Order (TRO). Petitioner's request for a Preliminary Injunction remains pending before the Court.

IT IS FURTHER ORDERED that, in light of the seriousness of the relief sought, and in accordance with the procedures set forth in Rule 65 of the Federal Rules of Civil Procedure, Respondents shall file and serve a written response to Petitioner's Motion (ECF No.2) no later than **seven (7) days** from the date on which service of Petitioner's Motion and Brief, ECF Nos. 2 and 3, is effectuated by Petitioner's counsel. Aside from any additional arguments Respondents wish to make, the Response shall specifically address: (1) what statute governs Petitioner's detention and why, and (2) if Petitioner is being detained pursuant to 8 U.S.C. § 1225(b)(2), why this Court's decision in *Calzado Diaz v. Noem*, No. 3:25-cv-458, 2025 WL 3628480 (W.D. Pa. Dec. 15, 2025) should not be applied to the instant case. Petitioner may, but is not required to, file and serve a Reply to any Response submitted by Respondents. Should Petitioner choose to file a Reply, he shall file and serve said Reply no later than **three (3) days** from the date on which Respondents file and serve their Response. The Court will schedule a hearing as necessary.

BY THE COURT:

STEPHANIE L. HAINES
UNITED STATES DISTRICT JUDGE

4