IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ONTONIEL VASQUE ROMERO, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 3:25-524 |
| ) | |
| v. ) | District Judge Stephanie L. Haines |
| ) | Magistrate Judge Keith A. Pesto |
| KRISTI NOEM, *Secretary, U.S. Department* ) | |
| *of Homeland Security, et al.*, ) | Re: ECF Nos. 1 and 2 |
| Respondents. ) | |

## **MEMORANDUM OPINION**

Petitioner ONTONIEL VASQUEZ ROMERO ("Petitioner") is an immigration detainee who is currently held at the Moshannon Valley Processing Center ("MVPC") in Phillipsburg, Pennsylvania. Petitioner submitted a "Petition for Writ of Habeas Corpus" (the "Petition") on December 15, 2025. ECF No. 1.

In the Petition, Petitioner challenges his mandatory immigration detention pursuant to 8 U.S.C. § 1225(b)(2). Id. ¶¶ 2, 3; see also ECF No. 16, pp. 1-2. Petitioner asserts that he arrived in the United States in 2017 at the age of seventeen as an unaccompanied alien child. As a minor he was never subject to Department of Homeland Security's ("DHS") authority, and therefore, he was never subject to detention under § 1225(b). ECF No. 16, p. 1; ECF No. 1, ¶ 21. Instead, the Department of Health and Human Services ("HHS") was solely responsible for his custody. Id.

In addition, Petitioner states that his removal proceedings were administratively closed on June 2, 2022, so even if he were detained under § 1225(b), the authority to detain him would have ended at that time. Id. at 4. Petitioner was released from HHS custody to the care of this brother in Chambersburg, Pennsylvania and he has resided continuously in the United States for over eight years. Id. at 6. He has no criminal history beyond traffic violations. ECF No. 1, ¶ 22. He was

1

arrested and detained by United States Immigration and Customs Enforcement ("ICE") in August 2025, during a traffic stop. ECF No. 1, ¶ 24.

### A. The Petition will be Granted.

Respondents have not yet answered the Petition. However, they have had an opportunity to assert their position on the legality of Petitioner's detention in an Opposition brief in response to Petitioner's Motion for a Temporary Restraining Order, Motion Preliminary Injunction, ECF Nos. 2 and 15.

In their Opposition, Respondents concede that Petitioner is being detained without bond under Section 1225(b)(2), and provide various arguments as to why that section, rather than Section 1226(a), should apply to Petitioner. ECF No. 15 (III Argument). However, Respondents' arguments are premised on their assertion that Calzado Diaz v. Noem, No. 3:25-cv-458, 2025 WL 3628480 (W.D. Pa. Dec. 15, 2025) doesn't apply in this case. They assert that Petitioner's detention is governed by 8 U.S.C. § 1225(b), because he is an "arriving alien" who came to the United States at a port of entry. The Court disagrees.[1]

Based on the facts presented in this case, the premise that Petitioner is an "arriving alien" is explicitly rejected by this Court in Calzado, No. 3:25-CV-00458, 2025 WL 3628480, at *4 ("Upon careful examination of these two statutes, and for the following reasons, the Court finds that § 1225(b)(2) is tethered more closely to the border and speaks to the potential detention of aliens there, whereas § 1226(a) applies more readily to the potential detention of aliens who have been living within the country.") In response to the Court's order to explain "why this Court's decision in Calzado Diaz [] should not be applied to the instant case[,]" ECF No. 4, p. 4, Respondents asserted that Petitioner's case is akin to a Board of Immigration Appeals decision,

---

[1] Respondents make several arguments that were not asserted by Petitioner and are off-topic from Calzado. The Court declines to address Respondents' extraneous arguments that are not at issue for the Court's consideration.

Matter of Q. Li, 29 I. & N. Dec. 66 (BIA 2025). ECF No. 15, p. 2. Just as this Court finds Matter of Yajure Hurtado, 29 I. & N. Dec. 216 (BIA 2025) unavailing it also finds Matter of Q Li unavailing.[2]

For the reasons already articulated by this Court in Calzado Diaz, the undersigned finds that Petitioner's detention is governed by Section 1226(a), and that he has a statutory right to a substantive bond hearing. See Jennings v. Rodriguez, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)). See also 8 C.F.R. § 1003.19. Accordingly, a hearing before an immigration judge is the proper forum to determine whether bond is appropriate under that statute and the applicable regulations.

This Court is not making any finding whatsoever regarding Petitioner's ultimate detention or release. Rather this Court finds, as a matter of statutory interpretation, that Petitioner is entitled to bond a hearing. Any other habeas relief requested by Petitioner, such as immediate release, or a bond hearing in this Court, is denied.[3] To the extent that Petitioner seeks direct review of the IJ's alternative finding that he has not met his burden for relief under Section 1226(a), this Court lacks jurisdiction to do so, and the same is denied. 8 U.S.C. § 1226(e).

---

[2] This Court notes similar findings in sister courts. https://www.americanimmigrationcouncil.org/practice-advisory/ina-235b-detention-practice-advisory/

[3] This Memorandum Opinion should not be interpreted to foreclose a challenge to Petitioner's detention under Section 1226(a) in the future, as appropriate, if it becomes unreasonably prolonged. Cf. German Santos v. Warden Pike Cnty. Corr. Fac., 965 F.3d 203 (3d Cir. 2020) (mandatory detention pursuant to 28 U.S.C. § 1226(c) may become unreasonably prolonged, and require a bond hearing at which the government bears the burden). See also Borbot v. Warden Hudson Cnty. Corr. Fac., 906 F.3d 274, 280 (recognizing that, even after a bond hearing under Section 1226(a), immigration detention might become unreasonably prolonged). But see Flores-Lopez v. Lowe, No. 21-CV-1839, 2021 WL 6134453, at *2 (M.D. Pa. Dec. 29, 2021) (collecting cases, and concluding that detention of 19 months under Section 1226(a) was not unconstitutionally prolonged absent some constitutional defect in the underlying bond hearing).

Nor should this Memorandum Opinion be interpreted to limit any arguments that Petitioner might make in a forthcoming bond hearing.

### B. The Preliminary Injunction Motion is Moot.

In light of the relief granted herein, Petitioner's Motion for Preliminary Injunction ("PI") (ECF No. 2) is denied as moot at this time, or alternatively on the merits.

### C. A Certificate of Appealability is Unnecessary.

A certificate of appealability is not required for federal detainees seeking relief under Section 2241. Muza v. Werlinger, 415 F. App'x 355, 357 n.1 (3d Cir. 2011). See also 28 U.S.C. § 2253(c)(1). Therefore, it is not necessary to determine whether one should be issued here.

### D. Conclusion

For the foregoing reasons, the Petition, ECF No. 1, will be conditionally granted. The Motion for Preliminary Injunction, ECF No. 2, will be denied as moot. Any relief requested in the PI Motion that is not moot will be denied.

An appropriate Order follows.

Dated: January 15, 2025

BY THE COURT,

_____
STEPHANIE L. HAINES
UNITED STATES DISTRICT JUDGE

cc:   Counsel of record (*via* CM/ECF)